**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| **JAMIYIA BRIGHTWELL,** | : | **Case No. 2:26-cv-141** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | **Judge Algenon L. Marbley** |
| | : | **Magistrate Judge S. Courter M. Shimeall** |
| | : | |
| **FRANKLIN COUNTY OHIO,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**REPORT AND RECOMMENDATION**

Plaintiff, who is proceeding without the assistance of counsel, has filed a civil rights complaint in this Court pursuant to 42 U.S. § 1983 for what she describes as her unlawful arrest and detention.  By separate order, she was granted leave to proceed *in forma pauperis*.  This matter is before the Court for a review of Plaintiff's Complaint to determine whether the Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  For the reasons set forth below, the Undersigned **RECOMMENDS** that the Complaint be **DISMISSED** without prejudice for failure to state a claim for relief.

I.     **Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To

prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.  *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest that clearly does not exist.  *Neitzke,* 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."  *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.  The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness.  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).

Congress also has authorized the *sua sponte* dismissal, or dismissal of the Court's own accord, of complaints that fail to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915 (e)(2)(B)(ii).  A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).  By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual

2

allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

## II.      Allegations and Parties

Plaintiff brings this action against Defendants Franklin County, Ohio; the Franklin County Jail; the Franklin County Sheriff's Office; and ten (10) John and Jane Does, described as "correctional officers, booking officers, supervisors, and other employees whose identities are currently unknown . . . ." (ECF No. 3, at PAGEID 9). Plaintiff states that she was detained at the Franklin County Jail on a charge of Receiving Stolen Property in connection with a license plate tag, as well as a probation violation. (*Id.*). She alleges that on March 31, 2025, she was "lawfully released pursuant to Rule 4, permitting her release from custody without continued detention and requiring her to later appear in the appropriate county for court proceedings." (*Id.*) She states that at the time of her release, jail staff failed to provide her with necessary Rule 4 paperwork or any written documentation concerning her release. (*Id.* at PAGEID 10.)

On April 6, 2025, Plaintiff called law enforcement for help in dealing with a family matter. (*Id.*) When officers arrived, Plaintiff was re-arrested. (*Id.*) She alleges that she "repeatedly informed officers that she had been lawfully released on Rule 4 and that her arrest was a mistake" but "[o]fficers failed to verify Plaintiff's release status, failed to investigate her explanation, and

proceeded with arrest and detention." (*Id*.)  She was transported to the Franklin County Jail.  (*Id*.)  She states she attempted to explain to a "supervisory official wearing a white coat" that her detention was a mistake, but that individual told her he "did not understand what a Rule 4 release was and was unable to explain the procedure or verify Plaintiff's release status." *(Id*.)

On April 10, 2025, Plaintiff was transported to Warren County, Ohio, where her Rule 4 matter was pending.  She states she was incarcerated for a total of eleven days "despite having been lawfully released and having committed no new offense." (*Id*.)  She alleges that a jail staff member later informed her that "her detention resulted from staff failure to provide Rule 4 paperwork" at the time of her initial release. (*Id*. at PAGEID 11.)  Plaintiff experienced emotional distress and feared the involvement of Children Services because she did not know the care arrangements of her children.  (*Id*. at PAGEID 10.)

Based on the above allegations, Plaintiff raises three claims: (1) Fourteenth Amendment "Unlawful Over-Detention" because "Defendants detained Plaintiff for eleven (11) days without legal authority after her lawful release"; (2) Fourth Amendment "Unlawful Seizure" because she was "re-arrested without probable cause and without reasonable investigation"; and (3) "Municipal Liability (Monell Claim)" based on Franklin County's "fail[ure] to train officers and supervisors regarding Rule 4 releases and verification procedures." (*Id*. at PAGEID 11.)  Plaintiff seeks compensatory and punitive damages, declaratory relief, and costs and fees.  (*Id*.)

It is unclear against whom Plaintiff brings each of the above claims.  The Court construes the complaint liberally, as bringing claims against, where possible, all of the defendants.

4

### III.    Analysis

Plaintiff's Complaint is subject to dismissal at the screening stage for failure to state a claim for relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Here, the Undersigned **RECOMMENDS** that Plaintiff's claims be **DISMISSED.**

#### A.  Count III: The *Monell* Claim

The Court begins with Count III, which is, as Plaintiff describes it in her complaint, the *Monell* claim.  *Monell* claims are not properly brought against individuals, *see, e.g.*, *Baar v. Jefferson Cnty. Bd. of Educ.*, 476 F. App'x 621, 634 (6th Cir. 2012), nor can they be brought against lower level government departments or entities like the Franklin County Jail or the Franklin County Sheriff's Office, *see, e.g.*, *Marbry v. Corr. Med. Servs.*, 238 F.3d 422, 2000 WL 1720959, at \*2 (6th Cir. Nov. 6, 2000); *see also Aladimi v. Hamilton Cnty. Justice Ctr.*, No. 1:09-cv-398, 2012 WL 292587, at \*7 (S.D. Ohio Feb. 1, 2012), *report and recommendation adopted*, 2012 WL 529585 (S.D. Ohio February 17, 2012).  The Court therefore construes the claim in Count III as one against Franklin County, Ohio.

On that count, Plaintiff fails to state a claim for relief against Franklin County, Ohio.  "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983."  *Monell vs. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).  A plaintiff may prove an unconstitutional "policy" or "custom" by demonstrating "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Wright v. City of Euclid*, 962 F.3d 852, 880 (6th Cir. 2020).

Here, Plaintiff's allegations fail to establish an unconstitutional policy or custom on the part of Franklin County.  Plaintiff generally states in conclusory terms that Franklin County is "a municipal entity responsible for the policies, practices, training, and supervision of the Frankin County Jail and Sheriff's Office."  (ECF No. 3, at PAGEID 9.)  But Plaintiff alleges no facts to plausibly support her allegations that any violations of her rights were caused by a County custom or policy (as opposed to the misconduct of a particular individual).  That is, Plaintiff "offers only . . . bare legal conclusions which the Court properly disregards." *Freeman v. Spoljaric*, 667 F. Supp. 3d 636, 651 (S.D. Ohio 2023) (dismissing a claim for *Monell* liability due to conclusory allegations); *see also Linden v. City of Southfield, Michigan*, 75 F.4th 597, 606 (6th Cir. 2023) (upholding the dismissal of a *Monell* claim based on a city's inadequate training when the complaint "marshal[ed] no facts to support this bare conclusion").

In short, for these reasons, and pursuant to 28 U.S.C. § 1915(e)(2)(ii), the Undersigned recommends that Plaintiff's third claim for relief, which is simply titled "Municipal Liability (*Monell* Claim)," be dismissed because Plaintiff fails to plausibly allege any of the hallmarks of *Monell* liability.  28 U.S.C. § 1915(e)(2)(ii)

### B.  Claims against Franklin County Sherriff's Office and Jail

Next, Plaintiff's claims against the Franklin County Sheriff's Office and the Franklin County Jail (what appears to be Count I, and, construed liberally perhaps Count II) should be dismissed because only a person acting under color of law is subject to suit or liability under 42 U.S.C. § 1983.  "A county jail or county sheriff's office is not a 'person' within the meaning of § 1983." *Carroll v. Knox County Sherriff's Office*, Case No. 2:25cv596, 2025 WL 2939511, *3 (S.D. Ohio Sept. 3, 2025), *report and recommendation adopted*, 2025 WL 2938774 (S.D. Ohio Oct. 16, 2025); *see also Matthew v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (finding that a

"[p]olice [d]epartment is not an entity which may be sued"); *Rhodes v. McDaniel*, 945 F.2d 117, 120 (6th Cir. 1991) (finding that a "[s]heriff's [d]epartment is not a legal entity subject to suit"). And even if the Court construed the allegations against the Franklin County Sheriff's Office or Jail as allegations against Franklin County itself, the Complaint does not identify a custom or policy of Franklin County that led to an alleged constitutional violation. *See Monell*, 436 U.S. at 694. Accordingly, Plaintiff's claims against the Franklin County Sherrif's Office and Jail should be **DISMISSED without prejudice**.

### C.  Claims against the John and Jane Doe Defendants

Plaintiff lists ten John and Jane Doe Defendants, described as "correctional officers, booking officers, supervisors, and other employees whose identities are currently unknown." (ECF No. 3, at PAGEID 9).  It is unclear which Counts apply to the John and Jane Doe Defendants. Even so, none of the possible claims against the John and Jane Doe Defendants can survive this screening.

To the extent Plaintiff advances any official-capacity claims for money damages against these Defendants, those claims fail.  A suit against a government official in his or her official capacity is "not a suit against the official but rather is a suit against the official's office."  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Thus, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."  *S.L. ex rel. K.L. v. Pierce Twp. Bd. of Trustees*, 771 F.3d 956, 962 (6th Cir. 2014) (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)).  But, as just discussed, Plaintiff has not stated a claim against Franklin County, the relevant entity.  Plaintiff's official-capacity claims against these Defendants must be dismissed.

To state a claim against a defendant in his or her individual capacity, a plaintiff must allege personal involvement by the defendant in causing her injury.  *Hardin v. Straub*, 954 F.2d 1193,

7

1196-98 (6th Cir. 1992).  A party cannot be held liable under § 1983 unless the party personally participated in, or otherwise authorized, approved, or knowingly acquiesced in, the allegedly unconstitutional conduct.  *Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).  "A plaintiff, even one proceeding *pro se*, must plead sufficient facts to show how each defendant allegedly violated plaintiff's rights."  *Johnson v. Chambers-Smith*, No. 2:22-cv-4179, 2023 WL 2555446, at *18 (S.D. Ohio Mar. 17, 2023) (citations omitted), *report and recommendation adopted*, 2023 WL 6065130 (S.D. Ohio Sep. 18, 2023).  "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983."  *Gilmore v. Corrs. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citation omitted).  *See also Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) ("Summary reference to a single, five-headed 'Defendants' does not support a reasonable inference that *each* Defendant is liable . . . ." (emphasis in original)).

Here, there are no allegations to support an inference that every John/Jane Doe Defendant violated Plaintiff's rights.  In her first claim for relief, Plaintiff alleges "unlawful over detention" in violation of the Fourteenth Amendment, but she fails to plausibly allege how any defendant was personally responsible for the alleged over-detention.  And in her second claim, she asserts that she was "re-arrested and detained without probable cause and without reasonable investigation," (*see* ECF No. 3, at PAGEID 11), but she does not attribute this claim to any specific defendant. The Undersigned is not unsympathetic to the difficulties Plaintiff might face in trying to pinpoint how each Defendant participated in the actions that may have violated her rights.  But that is a basic pleading standard even *pro se* plaintiffs must satisfy in order for a case to proceed.  *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (citation omitted).  "And while the discovery processes attendant to a federal court case may be utilized to develop facts once a party states a

8

plausible claim, they may not be used to determine if a party can state a plausible claim." *Young v. City of Columbus*, Case No. 2:25cv1459, 2026 WL 835913, *5 (S.D. Ohio Mar. 26, 2026) (Jolson, M.J.) (citing *Lewis v. Tyrant*, No. 5:16-cv-03224-RBH-KDW, 2016 WL 7118558, at *3 (D.S.C. Nov. 4, 2016), *report and recommendation adopted*, 2016 WL 7104927 (D.S.C. Dec. 6, 2016) ("As currently drafted, however, Plaintiff's Complaint resembles a prohibited fishing expedition rather than a properly pleaded complaint")).

Accordingly, Plaintiff's claims should be dismissed against the John and Jane Doe defendants because Plaintiff fails to state a claim for relief against them.

### IV.    Conclusion

The Undersigned concludes that Plaintiff's Complaint in its entirety should be **DISMISSED** for failure to state a claim for relief.

**IT IS THEREFORE RECOMMENDED THAT:**

1.    The Court **DISMISSES, without prejudice,** the Complaint for failure to state a claim for relief.  28 U.S.C. § 1915(e)(2)(B).

2.    The Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that, for the foregoing reasons an appeal of any Order adopting this Report and Recommendations would not be taken in good faith and therefore **DENY** Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS SO RECOMMENDED.**

May 6, 2026                                    *s/ S. Courter M. Shimeall*
                                               **S. COURTER M. SHIMEALL**
                                               **United States Magistrate Judge**

**PROCEDURE ON OBJECTIONS**

9

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a forfeiture of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a forfeiture of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). *See also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).