**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JAMIYIA BRIGHTWELL,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:26-cv-141** |
| | : | |
| **v.** | : | **Judge Algenon L. Marbley** |
| | : | |
| **FRANKLIN COUNTY OHIO, *et al.*,** | : | **Magistrate Judge S. Courter M. Shimeall** |
| | : | |
| **Defendants.** | : | |

**OPINION & ORDER**

This matter comes before the Court on *pro se* Plaintiff Jamiyia Brightwell's Objection (ECF No. 16) to the Magistrate Judge's Report and Recommendation (ECF No. 7). For the following reasons, the Court **OVERRULES** Brightwell's Objection, **ADOPTS** the Report and Recommendation, and **DISMISSES** Brightwell's Complaint without prejudice.

## I. BACKGROUND

In early 2025, Plaintiff Brightwell was detained at the Franklin County Jail. She claims to have been "lawfully released pursuant to Rule 4"[1] on March 31, 2025. (ECF No. 3 ¶¶ 9–10). Despite her release, jail staff allegedly failed to provide her with "Rule 4 paperwork or any written documentation confirming her lawful release" or informing her that she "was required to carry documentation to avoid re-arrest." She returned home, unaware that her release from jail had no documentation. (*Id.* ¶¶ 12–13).

On April 6, 2025, Brightwell contacted law enforcement regarding a family matter. Law enforcement did not understand that Brightwell was released, rearrested her, transported her to the

[1] Brightwell fails to specify what "Rule 4" is. She may be referencing Ohio R. Crim. P. 4(F) (permitting the release of persons arrested for misdemeanors with the issuance of summonses).

Franklin County Jail, and booked her. (*Id.* ¶¶ 14, 16–18). Brightwell attempted to explain her situation to staff at the Franklin County Jail, but to no avail.[2] She was then transported to a facility in Warren County, "where her Rule 4 matter was pending,"[3] before finally being released after eleven days. (*Id.* ¶¶ 19–22). An unspecified jail employee[4] informed Brightwell that "her detention resulted from staff failure to provide Rule 4 paperwork, not from any wrongdoing." (*Id.* ¶ 26).

Brightwell initiated this lawsuit on February 9, 2026, claiming a violation of her civil rights under 42 U.S.C. § 1983. (*Id.* ¶ 1). She sues Franklin County, the Franklin County Jail, the Franklin County Sheriff's Office, and ten unknown correctional officers, booking officers, supervisors, and other unknown county employees. (*Id.* ¶¶ 5–8). She asserts three counts: (1) unlawful detention in violation of the Fourteenth Amendment; (2) unlawful seizure under the Fourth Amendment; and (3) municipal liability against Franklin County for failure to train. (*Id.* ¶¶ 29–31). She is proceeding *in forma pauperis*.

Pursuant to the *in forma pauperis* statute, the Magistrate Judge screened Brightwell's Complaint. *See* 28 U.S.C. § 1915(e)(2)(B). On May 6, 2026, the Magistrate Judge recommended that the Complaint be dismissed without prejudice for failing to state a claim on which relief may be granted. Brightwell timely objected.

---

[2] Brightwell alleges that she "spoke directly with a supervisory official wearing a white coat inside the jail, indicating a position of authority and oversight." (ECF No. 3 ¶ 19). Brightwell does not explain why a white coat would indicate a supervisory position.

[3] Brightwell fails to explain what her "Rule 4 matter" was. She also does not explain whether her Rule 4 matter pending in Warren County is the same Rule 4 matter for which she was released from Franklin County Jail on March 31, 2025.

[4] Brightwell fails to identify whether this unspecified jail employee was employed by Franklin County or Warren County.

## II. STANDARD OF REVIEW

The court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

Where a plaintiff seeks to proceed *in forma pauperis*, the court "shall dismiss" the complaint if it "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The plaintiff need not provide detailed factual allegations at the pleading stage, but must "provide the 'grounds' of [her] 'entitlement to relief,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (brackets and citations omitted), in a "short and plain statement of [her] claim[s]." Fed. R. Civ. P. 8(a)(2).

The court will construe a *pro se* plaintiff's complaint liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and view it in the light most favorable to her. *Lowe v. Marshall Cnty.*, 779 F. Supp. 3d 944, 947 (M.D. Tenn. 2025). "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of [her] claim that would entitle [her] to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

## III. LAW & ANALYSIS

The Magistrate Judge's Report and Recommendation reasoned that dismissal of Brightwell's three counts was appropriate. First, it recommended dismissal of Brightwell's municipal liability claim against Franklin County because she had failed to allege an unconstitutional policy or custom, as required under *Monell v. Dep't of Soc. Servs. of Cty. of N.Y.*, 436 U.S. 658 (1978). Second, it recommended dismissal of claims against the Franklin County Jail and Franklin County Sheriff's Office, reasoning that such entities could not be sued. Third, it recommended dismissal of the individual Doe Defendants, explaining that the Doe Defendants could not be sued in their official

capacities, and Brightwell had failed to allege how they had violated her rights in their individual capacities.

Brightwell raised three objections to the Report and Recommendation. (ECF No. 16 at 2–4). The Court considers each objection in turn.

First, Brightwell objects to the dismissal of her *Monell* municipal liability claim. Brightwell argues that her allegations regarding her Rule 4 release process merit discovery so she can further investigate "whether an official policy, custom, failure to train, failure to supervise, or deficient procedures contributed to the alleged constitutional injury." (*Id.* at 3).

Here, the problem for Brightwell is that she "must allege the deprivation (1) of a right secured by the Constitution or laws of the United States, (2) that was directly caused by a municipal policy or custom" in order to state a *Monell* claim. *Nichols v. Wayne Cnty.*, 822 F. App'x 445, 448 (6th Cir. 2020) (citing *Hardrick v. City of Detroit*, 876 F.3d 238, 243 (6th Cir. 2017)). Nowhere does Brightwell allege that her injury was caused by some Franklin County policy or custom. In fact, she does not reference any policy or custom at all. Thus, Brightwell has failed to "allege facts that if accepted as true, are sufficient to state a claim to relief that is plausible on its face" with respect to her *Monell* claim. *Nichols*, 822 F. App'x at 448 (quoting *Majestic Bldg. Maint., Inc. v. Huntington Bancshares, Inc.*, 864 F.3d 455, 458 (6th Cir. 2017)). Her objection here is without merit because she has not stated a *Monell* claim.

Brightwell also raises two other objections. She argues that her Complaint contains allegations plausibly describing an unreasonable seizure and continued deprivation of her liberty, supporting her Fourth and Fourteenth Amendment claims. She further contends that her Complaint contains specific factual allegations and a detailed chronology. She asserts that her factual allegations are not "bare legal conclusions." (ECF No. 16 at 2). But precisely what Brightwell is

objecting to with each of these objections is unclear—she does not engage with or challenge specific parts of the Magistrate Judge's Report and Recommendation. She simply repeats these objections multiple times.

The Court has no way to know how Brightwell believes the Magistrate Judge erred. At best, the Court understands Brightwell to be making general objections to the dismissal of her Fourth and Fourteenth Amendment claims, as well as to the Magistrate Judge's determination that some of her allegations were conclusory. These objections are general, as they "merely dispute the magistrate judge's recommendation but do not set forth specific findings believed to have been made in error." *Mobley v. Mohr*, 2011 WL 4055234, at *3 (S.D. Ohio Sept. 12, 2011) (Marbley, J.). General objections are insufficient. They do not focus a court's attention "on any specific issues for review." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991). Moreover, these objections are poorly drafted—they consist of repeat paragraphs copied again and again. They fail to advance any developed argument and do not point the Court to any error. "In light of the poor draftsmanship of the paper, it is hard"—if not impossible—for the Court to "know what [Brightwell] thought the magistrate [judge] had done wrong." *Id.* at 508. Because Brightwell's objections on these points are unclear, the Court will uphold the Magistrate Judge's determination. *Kelly v. Shoemaker*, 2016 WL 2757547, at *2 (S.D. Ohio May 12, 2016) (Marbley, J.) ("Because Plaintiff objects neither specifically nor understandably to the Magistrate Judge's dismissal of the case, . . . the Court upholds the Recommendation of the Magistrate Judge.") (emphasis altered).

Finally, Brightwell raises other issues that are not objections. She argues that she needs discovery, in part to identify the individual Doe Defendants, and requests leave to amend her Complaint rather than have her Complaint dismissed. (ECF No. 16 at 4–9). As discussed, the Magistrate Judge recommended that the Court dismiss Brightwell's Complaint without prejudice

for failure to state a claim. The Court has determined that dismissal is proper, in part because Brightwell's objections fail to provide an error in the Magistrate Judge's reasoning. But Brightwell may still amend her pleading "once as a matter of course," as it has not yet been served. Fed. R. Civ. P. 15(a)(1).

## IV. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff Brightwell's objections, **ADOPTS** the Magistrate Judge's Report and Recommendation, and **DISMISSES** the Complaint without prejudice.

Should Brightwell wish to amend her pleadings as of right under Fed. R. Civ. P. 15(a)(1), she is **ORDERED** to submit an Amended Complaint within **twenty-one** days from the date she receives this Order. The Court **CAUTIONS** Brightwell that it is her obligation to ensure that her pleading consists of "short and plain" statements of her claims showing she is entitled to relief. Fed. R. Civ. P. 8(a)(2). In drafting any revised pleading, Brightwell should carefully review the Magistrate Judge's Report and Recommendation and this Order. Brightwell is also encouraged to review the Court's *Pro Se Handbook*.[5]

Moreover, any pleading must give each defendant "fair notice of what the claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citing *Twombly*, 550 U.S. at 555) (ellipsis omitted). Thus, to the extent that any future Amended Complaint names multiple Defendants and multiple causes of action, Brightwell **SHALL** specify which claims she seeks to assert against which Defendants. Brightwell must do so to ensure that a reader of her pleading can track which allegations of fact support each cause of action, and determine which causes of action are brought

[5] U.S. District Court for the Southern District of Ohio, *Pro Se Handbook*, available at https://www.ohsd.uscourts.gov/pro-se-handbook (last visited Aug. 4, 2026).

against each Defendant. *See Arnold v. CooperSurgical, Inc.*, 681 F. Supp. 3d 803, 823–25 (S.D. Ohio 2023) (Sargus, J.) (observing that impermissible "shotgun pleading" makes it difficult or impossible for defendants to understand allegations brought against them).

The Court **CERTIFIES** that an appeal of this Order would not be taken in good faith and should not be permitted to proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: August 12, 2026**